NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSE RAMIREZ GARCIA,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2015-5099

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00407-JFM, Senior Judge James F. Merow.

---

Decided: October 8, 2015

---

JOSE RAMIREZ GARCIA, Philipsburg, PA, pro se.

ERIN MURDOCK-PARK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN.

---

Before NEWMAN, CLEVENGER, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Appellant Jose Ramirez Garcia appeals the April 28, 2015 decision of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction. For the below reasons, we *affirm.*

BACKGROUND

After a jury trial in the United States District Court for the Southern District of Iowa, Garcia was convicted of various drug related offenses in April of 2005. *United States v. Jose Ramirez Garcia,* No. 4:04-cr-214, Dkt. No. 79 (S.D. Iowa Apr. 5, 2004), *aff'd,* 441 F.3d 597 (8th Cir. 2006). The district court then sentenced Garcia to 15 years imprisonment. *Id.* Garcia thereafter moved to set aside his sentence under 28 U.S.C. § 2255 and the district court denied those motions. *Id.* Having exhausted his right to seek further relief under § 2255 without the prior permission of the United States Court of Appeals for the Eighth Circuit, Garcia sought such permission in two separate petitions, which the circuit court denied. *Jose Ramirez Garcia v. United States,* No. 14-3343 (8th Cir. Mar. 10, 2015).

On April 17, 2015, Garcia filed a complaint in the Court of Federal Claims, arguing that the Eighth Circuit's March 2015 denial of his application for permission to file successive § 2255 motions was improper, that Garcia was actually innocent, and that the district court erred in sentencing him to fifteen years imprisonment. *Jose Ramirez Garcia v. United States,* No. 15-cv-407, Dkt. No. 1 (Ct. Fed. Claims Apr. 17, 2015). The Court of Federal Claims *sua sponte* dismissed Garcia's complaint for lack of subject matter jurisdiction. *Jose Ramirez Garcia v. United States,* No. 15-cv-407, Dkt. No. 4 (Ct. Fed. Claims Apr. 28, 2015).

Garcia appeals the judgment of the Court of Federal Claims. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## STANDARD OF REVIEW

We review *de novo* the Court of Federal Claims' dismissal of a complaint for lack of subject-matter jurisdiction. *Waltner v. United States,* 679 F.3d 1329, 1332 (Fed. Cir. 2012). Our scope of appellate review is limited to the record established in the proceedings before the trial court. *Sage Products, Inc. v. Devon Industries, Inc.*, 126 F.3d 1420, 1426 (Fed. Cir. 1997). Any arguments not brought before the trial court are deemed waived. *San Carlos Apache Tribe v. United States,* 639 F.3d 1346, 1354-55 (Fed. Cir. 2011).

## DISCUSSION

Garcia's complaint before the Court of Federal Claims pled dissatisfaction with the Eighth Circuit's judgment. Upon a review of Garcia's claims, the Court of Federal Claims determined that Garcia had not alleged any cause of action over which the court has subject matter jurisdiction. Accordingly, the court dismissed the complaint.

The Court of Federal Claims is a court of limited jurisdiction. It is vested with jurisdiction under the Tucker Act to adjudicate monetary claims against the United States founded upon the Takings Clause of the United States Constitution, Acts of Congress, regulations, or contracts, and requires a money mandating act to confirm jurisdiction. 28 U.S.C. § 1491(a)(1); *United States v. Mitchell*, 463 U.S. 206, 215-218 (1983). The Court of Federal Claims "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). It does not have jurisdiction to review the judgments of the United States district courts or circuit courts. *Shinnecock Indian Nation v. United States*, 782 F.3d

1345, 1353 (Fed. Cir. 2015). We thus find no error in the Court of Federal Claims' conclusions that it lacks jurisdiction to review the judgments of the Eighth Circuit, and that Garcia has failed to allege a cause of action over which the court has subject matter jurisdiction.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the Court of Federal Claims.

**AFFIRMED**